IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER HEALTHCARE AG, ALCON, INC. and ALCON MANUFACTURING, LTD., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 06-234-SLR |
| TEVA PHARMACEUTICALS USA, INC., | ) ) ) |
| Defendant. | ) |

## SCHEDULING ORDER

At Wilmington this _12th_ day of _July_ _2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**    The parties will exchange by July 10, 2006 a description by category of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment. On December 15, 2006, each party shall serve on the other parties a list of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. The parties will exchange the identities and opinions of their expert witnesses on the schedule set forth below for expert discovery.

2.    **Discovery.**

(a)    Discovery will be needed on the following subjects:  infringement and validity of U.S. Patent Nos. 4,990,517, 5,607,942 and 6,716,830.

(b)     All fact discovery shall be commenced in time to be completed by June 22, 2007.

(1)     The parties shall serve their first sets of document requests on July 21, 2006. Document production shall proceed on a rolling basis and shall be completed on or before January 31, 2007.

(2)     Maximum of 25 interrogatories per side.

(3)     Contention Interrogatories shall be served no earlier than March 16, 2007. If served, contention interrogatories shall first be addressed by the party with the burden of proof, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)     Maximum of 25 requests for admission per side.

(5)     In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) relating to document production issues) shall be scheduled prior to the completion of document production.

(6)     Maximum of 15 fact depositions by plaintiffs and 15 by defendant. If any party believes that it should be entitled to depositions in an addition to the number allotted above, the parties agree to work in good faith to attempt to resolve any disputes regarding whether such depositions are warranted. Each fact deposition is limited to a maximum of seven hours unless extended by an agreement of the parties.

(c)     Expert discovery shall be commenced in time to be completed by November 9, 2007.

(1)     Expert reports on issues for which the parties have the burden of proof shall be served on July 13, 2007. Rebuttal expert reports shall be served August 31, 2007. Should plaintiffs choose to rely on objective indicia of non-obviousness in response to an

- 2 -

assertion of obviousness by defendant, defendant shall serve rebuttal expert reports limited solely to rebuttal of issues of objective indicia of non-obviousness on September 21, 2007.

(2)  Expert depositions to be limited to a maximum of 10 hours over two consecutive days for any single deposition unless extended by agreement of the parties.

(d)  Supplementations under Rule 26(e) due within a reasonable time pursuant to the Federal Rules of Civil Procedure, and not later than November 21, 2007 at the latest.

(e)  **Discovery Disputes.**

(1)  The court shall conduct an in-person discovery status conference on October 17, 2006 from 4:30 p.m. to 5:30 p.m., the time to be allocated equally among the parties.

(2)  The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)  Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(f)  **Fact Witnesses to be Called at Trial.**  On November 16, 2007, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. On November 30, 2007, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to a maximum of seven (7) hours for any single deposition and twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

RLF1-3031283-2

3.    **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before October 6, 2006.

4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.    **Claim Construction Issue Identification.** On April 16, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms.   This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a final Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6.    **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.   Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on May 1, 2007.

7.    **Application by Motion.** Any application to the court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court

(a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)    No telephone calls shall be made to chambers.

(c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The email shall provide a short statement describing the

- 4 -

emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

8.    **Motions in Limine.** **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9.    **Pretrial Conference.** A pretrial conference will be held on February 12, 2008 at 4:30 p.m. courtroom 6B, sixth floor, Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10.    **Trial.** This matter is scheduled for a two-week bench trial commencing on February 25, 2008 in courtroom 6B, sixth floor, Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

Honorable Sue L. Robinson
Chief United States District Judge