IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER HEALTHCARE AG, ALCON, INC. and ALCON MANUFACTURING, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 06-234 ) ) ) ) ) ) |

## STIPULATION AND ORDER

Plaintiffs Bayer HealthCare AG, Bayer Pharmaceutical Corporation, Alcon, Inc. and Alcon Manufacturing Ltd., and Defendant Teva Pharmaceuticals USA, Inc. hereby stipulate and agree as follows:

1.    If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 infringes claim 1 of U.S. Patent No. 4,990,517 ("the '517 patent"), then that product also infringes each of claims 2, 8, and 9 of the '517 patent.

2.    If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA 77-437 infringes claim 1 of the '517 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 77-437 infringes each of claims 1, 2, 8, 9, and 11 of the '517 patent.

3.    If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 infringes claim 1 of the '517 patent, then that product also infringes each of claims 2 and 8 of the '517 patent.

4.    If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA 78-073 infringes claim 1 of the '517 patent, then the use of that

product in accord with any label submitted in Teva's ANDA No. 78-073 infringes each of claims 1, 2, 8, and 11 of the '517 patent.

5. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 infringes claim 1 of U.S. Patent No. 5,607,942 ("the '942 patent"), then that product also infringes claim 3 of the '942 patent.

6. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA 77-437 infringes claim 1 of the '942 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 77-437 infringes each of claims 1, 3, and 5 of the '942 patent.

7. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 infringes claim 2 of the '942 patent, then that product also infringes claim 4 of the '942 patent.

8. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA 77-437 infringes claim 2 of the '942 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 77-437 infringes each of claims 2, 4, and 7 of the '942 patent.

9. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 infringes claim 1 of the '942 patent, then that product also infringes claim 3 of the '942 patent.

10. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA 78-073 infringes claim 1 of the '942 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 78-073 infringes each of claims 1, 3, and 5 of the '942 patent.

11. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 infringes claim 2 of the '942 patent, then that product also infringes claim 4 of the '942 patent.

12. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA 78-073 infringes claim 2 of the '942 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 78-073 infringes each of claims 2, 4, and 7 of the '942 patent.

13. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 contains "moxifloxacin" as used in claim 1 of U.S. Patent No. 6,716,830 ("the '830 patent"), or an equivalent thereof, then that product infringes claim 1 of the '830 patent.

14. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 does not infringe claim 1 of the '517 patent, then that product also does not infringe claims 2, 8, and 9 of the '517 patent.

15. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 does not infringe claim 1 of the '517 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 77-437 does not infringe claims 1, 2, 8, 9, and 11 of the '517 patent.

16. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 does not infringe claim 1 of the '517 patent, then that product also does not infringe claims 2 and 8 of the '517 patent.

17. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 does not infringe claim 1 of the '517 patent, then the

use of that product in accord with any label submitted in Teva's ANDA No. 78-073 does not infringe claims 1, 2, 8, and 11 of the '517 patent.

18. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 does not infringe claim 1 of the '942 patent, then that product also does not infringe claim 3 of the '942 patent.

19. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 does not infringe claim 1 of the '942 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 77-437 does not infringe claims 1, 3, and 5 of the '942 patent.

20. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 does not infringe claim 2 of the '942 patent, then that product also does not infringe claim 4 of the '942 patent.

21. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 77-437 does not infringe claim 2 of the '942 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 77-437 does not infringe claims 2, 4, and 7 of the '942 patent.

22. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 does not infringe claim 1 of the '942 patent, then that product also does not infringe claim 3 of the '942 patent.

23. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 does not infringe claim 1 of the '942 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 78-073 does not infringe claims 1, 3, and 5 of the '942 patent.

- 5 -

24. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 does not infringe claim 2 of the '942 patent, then that product also does not infringe claim 4 of the '942 patent.

25. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 does not infringe claim 2 of the '942 patent, then the use of that product in accord with any label submitted in Teva's ANDA No. 78-073 does not infringe claims 2, 4, and 7 of the '942 patent.

26. If the Court determines that the moxifloxacin hydrochloride product that is the subject of Teva's ANDA No. 78-073 does not contain "moxifloxacin" as used in claim 1 of U.S. Patent No. 6,716,830 ("the '830 patent"), or an equivalent thereof, then that product does not infringe claim 1 of the '830 patent.

27. As used herein, the terms "infringe" and "infringes" mean either literal infringement or infringement under the doctrine of equivalents. It is agreed, however, that Teva expressly reserves its right to argue that Bayer or Alcon is estopped from asserting the doctrine of equivalents prior to the Court's determinations set forth above.

28. Teva expressly reserves its right to continue to maintain that the '942 patent is unenforceable and to maintain its invalidity defenses for each of claims 1, 2, 8, 9, and 11 of the '517 patent, for each of claims 1-5, and 7 of the '942 patent, and for claim 1 of the '830 patent.

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Cottrell@rlf.com
Moyer@rlf.com
Gaza@rlf.com
(302) 651-7700 (telephone)

OF COUNSEL:
Bruce R. Genderson
Adam L. Perlman
David I. Berl
Dov P. Grossman
Stanley E. Fisher
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)

*Attorneys for Plaintiffs
Bayer HealthCare AG, Bayer
Pharmaceuticals, Corp., Alcon, Inc.
and Alcon Manufacturing, Ltd.*

/s/ Richard D. Kirk
Richard D. Kirk (#922)
Ashley B. Stitzer (#3891)
THE BAYARD FIRM
222 Delaware Ave., Suite 900
P.O. Box 25130
Wilmington, DE 19899
Rkirk@bayardfirm.com
Astitzer@bayardfirm.com
(302) 655-5000 (telephone)

OF COUNSEL:
Bruce M. Gagala
M. Daniel Hefner
Brian A. Garcia
Douglas A. Robinson
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Avenue, Ste 4900
Chicago, IL 60601
(312) 616-5600 (telephone)

*Attorneys for Defendant Teva
Pharmaceuticals USA, Inc.*

SO ORDERED this _____ day of _____, 2007

_____
Hon. Sue L. Robinson
United States District Judge