IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAYER HEALTHCARE AG, ALCON, INC. )
and ALCON MANUFACTURING, LTD., )
)
Plaintiffs, )
)
v. )    C. A. No. 06-234
)
TEVA PHARMACEUTICALS USA, INC., )
)
Defendant. )
_____ )

**REDACTED
PUBLIC VERSION**

## STIPULATION AND ORDER

WHEREAS on November 28, 2007, the date agreed to by the parties for exchanging Rule 26(e) supplementations, defendant Teva Pharmaceuticals USA, Inc. ("Teva") served its supplemental response to Plaintiffs' Interrogatory No. 9; and

WHEREAS, Teva has asserted the following defenses with respect to U.S. Patent No. 6,716,830 ("the '830 patent"): (1) non-enablement, (2) failure to satisfy the best mode requirement, and (3) lack of written description (hereinafter "supplemented defenses"); and

WHEREAS, Plaintiffs Bayer HealthCare AG, Bayer Pharmaceutical Corporation, Alcon, Inc. and Alcon Manufacturing Ltd. object to Teva raising these defenses at this point in the litigation on the basis that Plaintiffs believe they are new defenses that were not timely raised in the litigation; and

WHEREAS, in order to avoid Plaintiffs filing a motion to strike Teva's supplemented defenses,

THE PARTIES hereby stipulate and agree as follows:

1. Plaintiffs will not object to Teva raising the supplemented defenses during the trial of this matter. None of Teva's experts will testify in support of the supplemented

defenses either in Teva's case in chief or in Teva's rebuttal case, except that nothing in this stipulation is intended to preclude Teva from introducing, in its rebuttal case, testimony from its expert Dr. Allen that otherwise constitutes permissible rebuttal testimony and is within the scope of the opinions disclosed in Dr. Allen's expert report.

2.    Teva will not object to Plaintiffs' introduction of evidence in response to Teva's supplemented defenses, including both fact witness and expert testimony, on the basis that such evidence was not disclosed to Teva, except as provided herein. Plaintiffs will provide defendants with an interrogatory answer on the subject matter of any expert testimony concerning Teva's supplemented defenses on or before January 21, 2008, but Plaintiffs will not be required to prepare additional expert reports. Plaintiffs also will identify any additional witnesses who will testify concerning these defenses on or before January 21, 2008, and Teva will have the opportunity to conduct a short deposition of any witness not listed on Plaintiffs' List of Witnesses They Intend to Call at Trial, which was served on Teva on November 28, 2007. Teva will not be permitted to depose any expert witnesses who will testify in response to Teva's supplemented defenses. Plaintiffs agree that the expert witnesses who will testify in response to Teva's supplemented defenses will be those previously identified by Plaintiffs and deposed by Teva in this litigation. With respect to Teva's supplemented defenses, Plaintiffs shall not introduce into evidence at trial any document that was not produced to Teva prior to the date on which this stipulation is executed, assuming the document was in existence as of November 28, 2007 and was responsive to Teva's requests as modified by Plaintiffs' objections and any agreements between the parties. With respect to Teva's supplemented defenses, Plaintiffs will produce any documents not previously produced and on which Plaintiffs intend to rely at trial on or before January 21, 2008.

THE PARTIES further stipulate and agree as follows:

3.    Without prejudice to Teva's position that evidence of commercial success is not relevant to its double patenting defense with respect to U.S. Patent No. 5,607,942, the parties stipulate that sales of Avelox® tablets, based on data produced to Teva, since 2000 have been as follows:

| Year | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 (July 2006-June 2007) |
|---|---|---|---|---|---|---|---|---|
| Sales ($, in 000's) | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ |

**REDACTED**

[Source: BL021-000118].

4.    Without prejudice to Teva's position that evidence of commercial success is not relevant to its obviousness defense with respect to the '830 patent, the parties stipulate that sales of Vigamox®, based on data produced to Teva, since the second quarter of 2003 have been as follows:

| Quarter | Q2, 2003 | Q3, 2003 | Q4, 2003 | Q1, 2004 | Q2, 2004 | Q3, 2004 | Q4, 2004 |
|---|---|---|---|---|---|---|---|
| Sales ($, in 000's) | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ |
| Quarter: | Q1, 2005 | Q2, 2005 | Q3, 2005 | Q4, 2005 | Q1, 2006 | Q2, 2006 | Q3, 2006 |
| Sales ($, in 000's) | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ | ■■■ |
| Quarter: | Q4, 2006 | Q1, 2007 | Q2, 2007 | Q3, 2007 | | | |
| Sales ($, in 000's) | ■■■ | ■■■ | ■■■ | ■■■ | | | |

**REDACTED**

[Source: AL019-000072].

5.    Except as explicitly provided herein, nothing in this stipulation shall preclude any party from presenting any evidence that otherwise would be admissible.

_Frederick L. Cottrell, III (#2555)_
cottrell@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER,
P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700 (telephone)
(302) 651-7701 (facsimile)

OF COUNSEL:
Bruce R. Genderson
Adam L. Perlman
David I. Berl
Dov P. Grossman
Stanley E. Fisher
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)

_Attorneys for Plaintiffs_
_Bayer HealthCare AG, Bayer_
_Pharmaceuticals, Corp., Alcon, Inc._
_and Alcon Manufacturing, Ltd._


_/s/Richard D. Kirk_
Richard D. Kirk
rkirk@bayardfirm.com
Ashley B. Stitzer
astitzer@bayardfirm.com
THE BAYARD FIRM
222 Delaware Ave., Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000 (telephone)


OF COUNSEL:
Bruce M. Gagala
M. Daniel Hefner
Douglas A. Robinson
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Avenue, Ste 4900
Chicago, IL 60601
(312) 616-5600 (telephone)

_Attorneys for Defendant Teva_
_Pharmaceuticals USA, Inc._


SO ORDERED this _____ day of _____, 2008


_____
Honorable Sue L. Robinson
United States District Judge

- 4 -